UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES J. KUJAWA,

    Plaintiff,

v.                                        Case No. 07-13480

PALISADES COLLECTION, L.L.C., and    HONORABLE AVERN COHN
WOLPOFF & ABRAMSON, L.L.P.,

    Defendants.

_____/

**<u>MEMORANDUM AND ORDER</u>**
**<u>GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

I. Introduction

This is a consumer rights case. Plaintiff James J. Kujawa is suing defendants Palisades Collection, L.L.C. (Palisades) and Wolpoff & Abramson, L.L.P. (W&A) claiming that defendants engaged in unlawful debt collection practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., the Michigan Collection Practices Act, M.C.L. § 445.251 (MCPA), and the Michigan Occupational Code, (MOC), M.C.L. § 339.915. What this case is about is defendants' efforts to collect on two debts owed by a debtor who has the same name, but a different social security number and address, as plaintiff.

Before the Court is defendants' motion for summary judgment on the grounds that defendants never attempted to collect a debt from plaintiff and applying the "least sophisticated consumer" test, defendants did not violate the FDCPA. Defendants

1

also request that the Court decline to exercise supplemental jurisdiction over plaintiff's state law claims. For the reasons that follow, the motion will be granted.

## II. Background

Palisades is a debt collection agency. W&A is a law firm which practices in the field of creditor's rights and debt collection. Palisades retained W&A to pursue collection of two accounts held in the name of James J. Kujawa (debtor) who has a social security number ending in 0176. The debtor's address is 560 Coledale Drive, White Lake, Michigan 48386.

Plaintiff has the same name as the debtor. However, plaintiff has a different social security number, ending in 5662. Plaintiff also lives at a different address, 5765 Chickadee Lane in Clarkson, Michigan 48326.

The first account was a debt held by Providian National Bank. In 2005, Palisades filed a summons and complaint against the debtor in the 52-2 Judicial District Court in Clarkston, Michigan, case no. 05-C05119 GC. This case was served on the debtor via alternate service at the Coledale Drive address.

A default judgment was entered against the debtor on April 28, 2006. The Clerk mailed a copy of the judgment to the debtor at the Coledale Drive address.

To collect on the judgment, W&A had a writ of garnishment issued on November 1, 2006 with a third party using the debtor's social security number.

In July 20, 2006, plaintiff received in the mail a document entitled Garnishment Release on the lawsuit filed in 52-2 District Court. The release contained the debtor's social security number, not plaintiff's. However, the release was addressed to a James J. Kujawa on Chickadee Lane.

2

Plaintiff went to the district court and discovered the existence of the 2005 case against the debtor, who had plaintiff's same name but a different address and social security number.

The second account was a debt owed by debtor also held by Providian National Bank. In 2006, a summons and complaint was filed in 52-2 District Court, case no. 06-C02328GC. This case was served on the debtor via alternate service at the Coledale Drive address.

A default judgment was entered against debtor on November 21, 2006. The Clerk mailed a copy of the judgment to debtor at the Coledale Drive address.

On August 8, 2007, a judgment lien was filed in the 2006 case under the name James J. Kujawa and listing the debtor's social security number. The lien was recorded with the Oakland County Register of Deeds Office on August 16, 2007 at Liber 39480 page 268. The property listed on the judgment lien, however, was plaintiff's property on Chickadee Lane. The judgment lien was mailed to plaintiff.

Days later, on August 17, 2007, plaintiff sued defendants under the FDCPA, MCPA, and MOC.

At some point after receiving the judgment lien, plaintiff, though counsel, filed a motion to set aside the default judgment in the district court. It is not clear whether the motion was filed prior to or after the instant case was filed.

On September 28, 2007, the district court held a hearing on the motion. Defendants argued plaintiff lacked standing because he was not the debtor. A review of the transcript of the hearing shows that counsel for defendants did indicate that they would file a release of the judgment lien. The district court denied plaintiff's motion for

lack of standing.

On October 4, 2007, W&A filed a Partial Discharge of Judgment Lien as to plaintiff's property on Chickadee Lane. The Partial Discharge was recorded with the Oakland County Register of Deeds on October 9, 2007 at Liber 39646 page 170.

### III. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

4

IV. Analysis

A. Federal Claim

"Congress enacted the FDCPA in 1977 'to eliminate abusive debt collection practices by debt collectors' and to insure that debt collectors who refrain from abusive practices are not competitively disadvantaged." McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 741 (N.D. Ill. 2003); 15 U.S.C. § 1692(e).

The Sixth Circuit has adopted the "least sophisticated consumer" test in determining whether a debt collector made a misrepresentation to a consumer in violation of the FDCPA. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 400 (6th Cir. 1998); Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1028 (6th Cir.1992). The "least sophisticated consumer" test is an objective analysis that seeks to protect the interests of both naive consumers and debt collectors. Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2nd Cir. 2005). While the least sophisticated debtor standard is objective, it is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Smith v. Consumer Credit, Inc., 167 F.3d 1052, 1054 (6th Cir.1999), quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1227 (9th Cir. 1988). Although the least sophisticated consumer standard "protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.' " Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3rd Cir. 2000) (quoting Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996)).

Here, defendants argue that under the "least sophisticated consumer" test,

5

plaintiff knew that defendants were not attempting to collect on a debt owed by him. The Court agrees. Although plaintiff was sent a release of garnishment and notice of judgment lien, he states in his affidavit that the social security number listed on the garnishment release and judgment lien was not his. Plaintiff also states in his affidavit that he did not owe a debt to Providian National Bank. Thus, plaintiff knew that these documents were not directed at him. Moreover, the release was clearly not an attempt to collect a debt, but rather indicated the opposite.

Further, upon going to the district court after receipt of the release, plaintiff became aware that someone with his same name, but different address and social security number, owed the debts. Plaintiff even appeared with counsel for a hearing in the district court in an attempt to set aside the default judgment in the 2006 case, further indicating he was aware defendants were not attempting to collect on a debt owed by him, but rather owed by someone else with his same name. Under these undisputed facts, there simply is no genuine issue as to whether defendants violated the FDCPA.

Moreover, even assuming defendants violated the FDCPA, the statute includes an affirmative defense whereby a debt collector may avoid liability if it "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). "The debt collector must only show that the violation was unintentional, not that the communication itself was unintentional." Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 402 (6th Cir.1998). Although neither party cited § 1692k(c), the "bona fide error" defense would apply because there is no dispute that defendants were not attempting to collect on a debt owed by plaintiff, but

rather by another person with plaintiff's same name. The release and judgment lien were clearly sent to plaintiff unintentionally and in error.

The Court is mindful of plaintiff's situation. However, it is clear that there was a mistake in mailing the garnishment release to plaintiff and in recording a judgment lien listing plaintiff's property. This was all likely due to the fact that plaintiff and the debtor share the same name. The aggravation plaintiff likely suffered as a result of having the same name as the debtor simply does not make out a violation of the FDCPA. Moreover, defendants removed the defect in the judgment lien as to plaintiff's property after this case was filed by recording the Partial Release of Judgment Lien.[1]

### B. State Law Claims

As to plaintiff's state law claims, section 1367(a) states that,

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. "[D]istrict courts have broad discretion in deciding whether to exercise supplemental jurisdiction." Pinney Dock & Transp. Co. v. Penn Cent. Corp., 196 F.3d 617, 620 (6th Cir. 1999). Although plaintiff's claim under the MCPA likely parallels its claim under the FDCPA, plaintiff's claim under the MOC under the circumstances here presents a novel question militating against the exercise of

---

[1]Plaintiff appears to argue that defendants have not satisfactorily removed the judgment lien, citing the Michigan Judgment Lien Act. Plaintiff, however, has not made a claim for violation of this act.

7

supplemental jurisdiction. See <u>Richard v. Oak Tree Group, Inc.</u>, No. 1:06-cv-362, 2008 WL 421435, (W.D. Mich. Feb. 12, 2008) (declining to exercise supplemental jurisdiction over plaintiff's claim under the MOC in a case brought under the FDCPA because it presented a novel issue of state law).

## V. Conclusion

Accordingly, for the reasons stated above, defendant's motion for summary judgment is GRANTED. Plaintiff's claim under the FDCPA is DISMISSED WITH PREJUDICE. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.


                 s/Avern Cohn
                 AVERN COHN
                 UNITED STATES DISTRICT JUDGE

Dated: May 1, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 1, 2008, by electronic and/or ordinary mail.

                 s/Julie Owens
                 Case Manager, (313) 234-5160